# CV 16          02460

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JUSTIN MARTINEZ &
JENNIE PEREZ VIERRA,

                Plaintiff(s),

      v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
MICHAEL ARDOLINO, Shield#3101, 75th Precinct,
NEW YORK CITY POLICE SERGEANT
ROBERT MARTINEZ, Shield # 13, 75th Precinct
NEW YORK CITY POLICE OFFICER
JOHN DOE, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE NUMBER ONE, 75th Precinct

                Defendant(s).
-----------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

MAUSKOPF, J.

POLLAK, M.J.

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiffs, JUSTIN MARTINEZ and JENNIE

PEREZ VIERRA, seek redress for the Defendant's violation of rights secured by the Civil Rights

Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by

the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or

rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount

of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiffs claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiffs demand a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. The Plaintiffs, JUSTIN MARTINEZ and JENNIE PEREZ VIERRA who are mother and son, are United States Citizens and residents of the United States, and are and at all times relevant herein, residents of the State of New York

8. Defendants, NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, upon information and belief of the 75th Precinct, are and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of

Defendant CITY OF NEW YORK. Defendants NEW YORK CITY POLICE OFFICER MICHAEL ANDOLINO, NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER JOHN DOE, and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE are sued individually and in their official capacity. At all times relevant Defendant NEW YORK CITY POLICE OFFICER MICHAEL ANDOLINO, Defendant NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants NEW YORK CITY POLICE OFFICER MICHAEL ANDOLINO, Defendant NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and

the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant Officers.

### STATEMENT OF FACTS

#### First Incident

11. On May 15, 2015 at approximately 1:30 p.m. Plaintiff JUSTIN MARTINEZ was riding his bicycle in the vicinity of Elderts Avenue and Liberty Avenue headed toward McKinley Street in Kings County on his way home, when he was approached by named Defendant NEW YORK CITY POLICE MICHAEL ARDOLINO and NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, who were in an unmarked police car. The Plaintiff observed the vehicle the Defendant Officers were in, which the Plaintiff did not realize was a police car, proceed to drive toward the Plaintiff, causing the Plaintiff to have to swerve onto the sidewalk to avoid being struck by the Defendant Officers' vehicle. The Plaintiff proceeded back onto the roadway, continuing to ride his bicycle toward his residence. While riding toward his residence Defendant NEW YORK CITY POLICE OFFICER ARDOLINO, who upon information and belief, was in the front passenger seat, without warning, or cause, or identifying himself as a member of THE NEW YORK CITY POLICE DEPARTMENT, opened his car door and struck the Plaintiff's rear tire three times in an attempt to knock Plaintiff MARTINEZ off of his bicycle. Upon further information and belief, Plaintiff

MARTINEZ was able to keep his balance and move ahead of the vehicle, whereupon Defendant NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, proceeded to strike the rear of Plaintiff's bicycle with the front bumper of the vehicle, also in an effort to knock Plaintiff MARTINEZ off of his bicycle. Upon further information and belief, Defendant Officer ARDOLINO exited the vehicle and proceeded to chase the Plaintiff on foot, while Defendant SERGEANT MARTINEZ proceeded to follow Plaintiff JUSTIN MARTINEZ in the motor vehicle. Upon information and belief, Plaintiff was able to ride his bicycle to his residence, followed by Defendant Officer ARDOLINO and Sergeant MARTINEZ.

### Second Incident

Upon information and belief, Defendant Officers ARDOLINO and MARTINEZ began to bang on the front door of the Plaintiff's residence, causing Plaintiff JENNIEVIERRA, who was home recuperating from a recent medical procedure, and who is in extremely poor cardiac health, to attempt open the door to allow Defendant NEW YORK CITY POLICE OFFICER ARDOLINO, SERGEANT MARTINEZ and named Defendant Officers JOHN DOE and JOHN DOE NUMBER ONE and several other members of THE NEW YORK CITY POLICE DEPARTMENT to enter the Plaintiff's residence. As Plaintiff VIERRA was about to open the door Defendant Officer ARDOLINO and SERGANT MARTINEZ, along with Defendant NEW YORK CITY POLICE OFFICER JOHN DOE and JOHN DOE NUMBER ONE, violently pushed open the door causing it to break. Defendant OFFICER ARDOLINO pinned Plaintiff JENNIE VIERRA, who recently had two cardiac stents put in, against the wall and refused to release the door, causing Plaintiff VIERRA extreme shortness of breath and physical injury, including ligament damage to her left shoulder. Plaintiff VIERRA was held by members of the NEW YORK CITY POLICE DEPARTMENT in this

position for several minutes with enough force to cause Plaintiff VIERRA to defecate and urinate on herself. Members of the NEW YORK CITY POLICE DEPARTMENT, including named Defendant Officer ARDOLINO, SERGEANT MARTINEZ, Officer JOHN DOE and Officer JOHN DOE NUMBER ONE then began to physically punch Plaintiff JUSTIN MARTINEZ about the body and face causing injury and substantial pain to Plaintiff JUSTIN MARTINEZ. Defendant OFFICER JOHN DOE, and did threaten other of Plaintiff's family members with arrest for attempting to film the aforementioned actions of the Defendant Officers. Defendant Officer ARDOLINO told the Plaintiff in sum and substance: "you made me run," whereafter Defendant NEW YORK CITY POLICE OFFICER ARDOLINO began to strike Plaintiff MARTINEZ at least ten times on the left leg with a flashlight, while calling Plaintiff JUSTIN MARTINEZ a "stupid fat fucking spic", and also striking Plaintiff JUSTIN MARTINEZ several times on the left side of his rib cage.   Plaintiff MARTINEZ was subsequently taken to the 75th precinct where he was subjected to a partial strip search by Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO and SERGEANT ROBERT MARTINEZ.  Plaintiff JUSTIN MARTINEZ was subsequently held in custody for over twenty four hours, during which time he was physically searched again and subsequently treated by EMS at Central Booking, after which Plaintiff JUSTIN MARTINEZ was charged with several criminal charges, all of which were dismissed in November 2015.  Both Plaintiffs were required to seek medical treatment at a local area hospital for injuries sustained during the incident involving the Defendant Officers.

### FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, False Arrest.**

12. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff JUSTIN MARTINEZ, without lawful cause or reason.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## SECOND FEDERAL CLAIM

**Violation of rights secured by Section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Excessive Force**

15. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon Plaintiff JUSTIN MARTINEZ by striking the Plaintiff's rear bicycle tire in an effort to cause him to fall of the bicycle, and by repeatedly striking Plaintiff in the legs with a flashlight, without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO occurred in and during the scope of his duties and functions as a New York City Police

Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

**Violation of the rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

18.  The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19.  Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE SERGEANT OFFICER ROBERT MARTINEZ acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully handcuffing Plaintiff JUSTIN MARTINEZ and placing him under arrest, without lawful reason or cause.

20.  That the actions of Defendant NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

### FOURTH FEDERAL CLAIM

**Violation of the rights secured by section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

21.  The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Twenty (20) as if fully set forth herein.

–8–

22. Upon information and belief, the conduct of NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ acting under color of State law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff JUSTIN MARTINEZ without lawful reason or cause by striking the Plaintiff JUSTIN MARTINEZ rear bicycle tire in an effort to cause Plaintiff JUSTIN MARTINEZ to fall, and by repeatedly punching the Plaintiff JUSTIN MARTINEZ.

23. That the actions of Defendant NEW YORK CITY POLICE SERGEANT ER ROBERTT MARTINEZ occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FIFTH FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fifth and Fourteenth Amendments to the United States Constitution, Excessive Force

24. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully pushing Plaintiff JENNIE RIVERA up against a wall causing injury to Plaintiff RIVERA and holding her there refusing to allow her to move or breath, without lawful reason or cause.

26. That the actions of defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO occurred in and during the course and scope of his duties, functions and employment as

a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### SIXTH FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fifth and Fourteenth Amendments to the United States Constitution, Excessive Force**

27. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully and repeatedly punching Plaintiff JUSTIN MARTINEZ in the face and body causing injury to Plaintiff MARTINEZ.

29. That the actions of Defendant NEW YORKCITY POLICE OFFICER JOHN DOE occurred in and during the course and scope of his duties, functions and employment as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

### SEVENTH FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fifth and Fourteenth Amendments to the United States Constitution, Excessive Force**

30. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31.  Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICERJOHN DOE NUMBER ONE acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully and repeatedly punching Plaintiff JUSTIN MARTINEZ about the face and body causing injury to Plaintiff MARTINEZ without lawful reason or cause.

32.  That the actions of defendant NEW YORKCITY POLICE OFFICER JOHN DOE NUMBERONE occurred in and during the course and scope of his duties, functions and employment as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## EIGTH FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fifth and Fourteenth Amendments to the United States Constitution, Excessive Force**

33.  The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34.  Upon information and belief, the conduct of Defendant NEW YORK CIITY POLICE OFFICER JOHN DOE NUMBER ONE acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully and repeatedly punching Plaintiff JUSTIN MARTINEZ about the face and body, causing injury to Plaintiff MARTINEZ without lawful reason or cause.

35.  That the actions of defendant NEW YORKCITY POLICE OFFICER JOHN DOE NUMBER ONE occurred in and during the course and scope of his duties, functions and employment as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in

the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## NINTH FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fifth and Fourteenth Amendments to the United States Constitution-Due Process Violations**

36. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

37. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully threatening to arrest Plaintiffs' family members to prevent them from memorializing Defendant's actions without lawful reason or cause.

38. That the actions of defendant NEW YORKCITY POLICE OFFICER JOHN DOE occurred in and during the course and scope of his duties, functions and employment as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiffs.

## FIRST STATE LAW CLAIM

39. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

40. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER

MICHAEL ARDOLINO resulted in physical injury to Plaintiff JUSTIN MARTINEZ, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## SECOND STATE LAW CLAIM

41.  The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Forty (40) as if fully set forth herein.

42.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ resulted in physical injury to Plaintiff JUSTIN MARTINEZ, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## THIRD STATE LAW CLAIM

43.  The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty Two (42) as if fully set forth herein.

44.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## FOURTH STATE LAW CLAIM

45.  The Plaintiff by reference incorporates by reference each of the allegations contained in paragraphs One (1) through Forty Four (442) as if fully set forth herein

46.  That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, NEW YORKCITY POLICE SERGEANT  ROBERT MARTINEZ, NEW YORK

CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE which resulted in the false arrest, detention, photographs and searches of the Plaintiff JUSTIN MARTINEZ, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, and resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

### FIFTH STATE LAW CLAIM

47.  The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty Six (46) as if fully set forth herein.

48.  That the actions of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, resulted in the intentional assault of Plaintiffs JUSTIN MARTINEZ and JENNIE VIERRA, resulting in physical injury to the Plaintiffs, causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

### SIXTH STATE LAW CLAIM

49.  The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty Eight (48) as if fully set forth herein.

50.  That the actions of Defendant NEW YORK CITY POLICE OFFICER ROBERT MARTINEZ, resulted in the intentional assault of Plaintiffs JUSTIN MARTINEZ and JENNIE VIERRA, resulting in physical injury to the Plaintiffs, causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

### SEVENTH STATE LAW CLAIM

51.  The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Fifty (50) as if fully set forth herein.

52. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants NEW YORK CITY POLICE OFFICER JOHN DOE and JOHN DOE NUMBER ONE resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## EIGTH STATE LAW CLAIM

53. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One through Fifty Two (54) as if fully set forth herein.

54. That the actions of Defendants NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER JOHN DOE and JOHN DOE NUMBER ONE  resulted in damage to Plaintiff's personal property, causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

**WHEREFORE,** Plaintiffs demand the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiffs.

2. Punitive Damages against Defendants, NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: May 13, 2013
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiffs
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com