UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                           CV 16-02460
-------------------------------------------------------X
JUSTIN MARTINEZ &
JENNIE PEREZ VIERRA,
       Plaintiff(s),
  v.                                                 **FIRST AMENDED**
THE CITY OF NEW YORK,                                  **COMPLAINT**
NEW YORK CITY POLICE OFFICER
MICHAEL ARDOLINO, Shield # 3101,
75th Precinct,
NEW YORK CITY POLICE SERGEANT
ROBERT MARTINEZ, Shield # 13,
75th Precinct,
NEW YORK CITY POLICE OFFICER
TODD HANSEN, Shield # 13329
75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE NUMBER ONE, 75th Precinct,
       Defendant(s).
-----------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiffs, JUSTIN MARTINEZ and JENNIE PEREZ VIERRA, seeks redress for the Defendants' violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiffs' Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

1

4. The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiffs demand a jury trial on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

## PARTIES

7. The Plaintiffs, JUSTIN MARTINEZ and JENNIE PEREZ VIERRA, are United States Citizens, and are, and at all times relevant herein, residents of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER TODD HANSEN and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, upon information and belief of the SEVENTY FIFTH PRECINCT, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER ARDOLINO, NEW YORK CITY POLICE SERGEANT MARTINEZ, NEW YORK CITY POLICE OFFICER HANSEN and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE are sued individually and in their official capacity. At all times relevant, Defendants NEW YORK CITY POLICE OFFICER ARDOLINO, NEW YORK CITY POLICE SERGEANT MARTINEZ, NEW YORK CITY POLICE OFFICER HANSEN AND NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged

in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE OFFICER ARDOLINO, NEW YORK CITY POLICE SERGEANT MARTINEZ, NEW YORK CITY POLICE OFFICER HANSEN and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

### First Incident

11. On May 15, 2015 at approximately 1:20 a.m., Plaintiff JUSTIN MARTINEZ was riding his bicycle in the vicinity of Elderts Avenue and Liberty Avenue headed toward McKinley Street in Kings County on his way home, when he was approached by named Defendant NEW YORK

CITY POLICE OFFICER MICHAEL ARDOLINO, who had just exited an unmarked Police car which was occupied by named Defendants MARTINEZ and HANSEN. The Plaintiff observed the vehicle occupied by Defendant Officers MARTINEZ and HANSEN, which Plaintiff JUSTIN MARTINEZ did not realize was a police car, proceed to drive toward the Plaintiff, causing the Plaintiff to have to swerve onto the sidewalk to avoid being struck by the vehicle. The Plaintiff proceeded back onto the roadway, continuing to ride his bicycle toward his residence. While the Plaintiff was riding toward his residence, one of the two named Defendant Officers in the vehicle, either Defendant SERGEANT MARTINEZ or Defendant OFFICER HANSEN, opened the passenger side door and struck Plaintiff's rear tire three times in an attempt to knock Plaintiff MARTINEZ off of his bicycle. Upon further information and belief, Plaintiff MARTINEZ was able to keep his balance and move ahead of the vehicle, whereupon the driver of the vehicle, either Defendant SERGEANT MARTINEZ or Defendant OFFICER HANSEN proceeded to strike the rear of the Plaintiff's bicycle with the front bumper of the car, also in an attempt to knock Plaintiff MARTINEZ off of his bicycle. The actions of Defendants MARTINEZ and HANSEN caused damage to the rear tire of Plaintiff Martinez' bicycle and did cause Plaintiff MARTINEZ to briefly fall to the ground. Upon information and belief, Plaintiff MARTINEZ was able to ride his bicycle to his residence, followed by Defendants MARTINEZ and HANSEN.

**Second Incident**

12. Upon information and belief, on May 15, 2015 at approximately 1:30 a.m., Defendant Officers MARTINEZ and HANSEN, began to bang on the front door of the Plaintiff's residence, causing Plaintiff JENNIE PEREZ VIERRA, who was home recuperating from a recent medical procedure involving her heart, and who is in extremely poor cardiac health, to attempt to open the door to allow Defendants MARTINEZ and HANSEN and named Defendant Officers JOHN DOE NUMBER ONE and several other members of THE NEW YORK CITY POLICE DEPARTMENT to enter the Plaintiffs' residence. As Plaintiff VIERRA was about to open the

door, Defendant SERGEANT MARTINEZ and Defendant OFFICER HANSEN, along with Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, violently pushed open the door causing it to break.  Plaintiff JENNIE VIERRA, who recently had two cardiac stents put in, was pinned against the wall by the door, causing Plaintiff VIERRA extreme shortness of breath and physical injury, including ligament damage to her left shoulder.  Plaintiff VIERRA was held by members of the NEW YORK CITY POLICE DEPARTMENT in this position for several minutes with enough force to cause Plaintiff VIERRA to defecate and urinate on herself.   Members of the NEW YORK CITY POLICE DEPARTMENT, including named Defendants SERGREANT MARTINEZ and OFFICER HANSEN and Defendant OFFICER JOHN DOE NUMBER ONE then began to physically punch Plaintiff JUSTIN MARTINEZ about the body and face causing injury and substantial pain to Plaintiff JUSTIN MARTINEZ.  The aforementioned Defendant Officers and other members of the NEW YORK CITY also placed all of their weight on Plaintiff MARTINEZ, causing Plaintiff MARTINEZ to be unable to breath.  Upon information and belief, when Plaintiff MARTINEZ' father attempted to film the conduct of the Defendant Officers, Defendant OFFICER HANSEN shined a light at the camera to prevent the incident from being filmed.  Plaintiff MARTINEZ was also threatened by named Defendant Officers with arrest if he did not cease attempts to film the incident.  Defendant ARDOLINO subsequently told the Plaintiff in sum and substance: "you made me run," whereafter Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO began to strike Plaintiff MARTINEZ at least ten times on the left leg with a flashlight, while calling Plaintiff JUSTIN MARTINEZ a "stupid fat fucking spic", and also striking Plaintiff JUSTIN MARTINEZ several times on the left side of his rib cage while Plaintiff was seated handcuffed in a police car.  Plaintiff MARTINEZ was subsequently taken to the 75th Precinct where he was subjected to a partial strip search by Defendants ARDOLINO and SERGEANT MARTINEZ.  Plaintiff JUSTIN MARTINEZ was subsequently held in custody for over twenty four hours, during which time he was physically searched again and

5

subsequently treated by EMS at Central Booking, after which Plaintiff MARTINEZ was charged with several offenses, all of which were dismissed in November 2015.  Both Plaintiffs were required to seek medical treatment at a local area hospital for injuries sustained during the incidents involving the Defendant Officers.

## FIRST FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Excessive Force

13. The Plaintiffs incorporate by reference each of the allegations set forth in Paragraphs One (1) through Twelve (12) as if fully set forth herein.

14. Upon information and belief, on May 15, 2015 the conduct of Defendant NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ and Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon Plaintiff JUSTIN MARTINEZ by striking the Plaintiff's rear bicycle tire with the passenger door and front bumper of their police vehicle, causing Plaintiff MARRTINEZ to fall to the ground, without lawful reason or cause.

15. That the actions of Defendants, NEW YORK CITY POLICE SERGEANT MARTINEZ and Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force

16. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17. Upon information and belief, on May 15, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon Plaintiff JUSTIN MARTINEZ, by repeatedly striking Plaintiff JUSTIN MARTINEZ on the legs without lawful reason or cause.

18. That the actions of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

**THIRD FEDERAL CLAIM**

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Excessive Force**

19. The Plaintiff incorporate by reference each of the allegations set forth in Paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Upon information and belief, on May 15, 2015 inside the of the residence of Plaintiff JUSTIN MARTINEZ, the conduct of Defendant, NEW YORK CITY POLICE OFFICER TODD HANSEN, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully and repeatedly punching Plaintiff JUSTIN MARTINEZ in the face and body causing physical injury to Plaintiff JUSTIN MARTINEZ.

21. That the actions of Defendant, NEW YORK CITY POLICE OFFICER TODD HANSEN occurred in and during the course and scope of his duties, functions and employment as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## FOURTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- False Arrest**

22. The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs One (1) through Twenty One (21) as if fully set forth herein.

23. Upon information and belief, on May 15, 2015, the conduct of named Defendant, NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting Plaintiff JUSTIN MARTINEZ without lawful reason or cause.

24. That the actions of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## FIFTH FEDERAL CLAIM

**Violation of Rights Secured by the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

25. The Plaintiffs incorporate by reference each of the allegations contained in Paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That on May 15, 2015 the conduct of Defendants, NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER TODD HANSEN and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE acting under color of Sate Law, violated Section 42 U.S.C 1983 by unlawfully pushing Plaintiff JENNIE PEREZ VIERRA up against a wall causing injury to Plaintiff VIERRA and holding her there, refusing to allow her to move and restricting her ability to breath, without lawful reason or cause

27. That the actions of Defendants, NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER TODD HANSEN and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JENNIE PEREZ VIERRA.

## SIXTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.SC. 1983 and the Fifth and Fourteenth Amendments to the United States Constitution- Due Process Violations

28. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29. Upon information and belief, the conduct of Defendants, NEW YORK CITY POLICE OFFICER TODD HANSEN and NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ acting under color of State Law, violated Section 42 U.S.C 1983 by unlawfully preventing the filming of the incident and threatening to arrest the Plaintiffs' family members to prevent them from memorializing the Defendants' actions without lawful reason or cause.

30. That the actions of Defendants NEW YORK CITY POLICE OFFICER TODD HANSEN and NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ occurred in and during the scope of their duties, functions and employment as New York City Police Officers, and while acting as agents and employees of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiffs

## FIRST STATE LAW CLAIM

31. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Thirty (30 as if fully set forth herein.

32. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or using Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO resulted in physical injury to Plaintiff JUSTIN MARTINEZ, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

### SECOND STATE LAW CLAIM

33. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, resulted in physical injury to Plaintiff JUSTIN MARTINEZ, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

### THIRD STATE LAW CLAIM

35. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That the actions of Defendant CITY OF NEW YORK, by negligently hiring. Training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN, resulted in physical injury to Plaintiff JUSTIN MARTINEZ, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

### FOURTH STATE LAW CLAIM

37. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, resulting in physical injury to Plaintiff JUSTIN MARTINEZ,

and causing the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## FIFTH STATE LAW CLAIM

39. The Plaintiffs incorporate by reference each of the allegations set forth in paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

40. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendants NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER TODD HANSEN and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, which resulted in the false arrest, detention, photographs and searches of Plaintiff JUSTIN MARTINEZ, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, and resulting in the aforementioned and hereinafter mentioned harm to Plaintiffs MARTINEZ and VIERRA.

## SIXTH STATE LAW CLAIM

41. The Plaintiffs incorporate by reference each of the allegations set forth in paragraphs One (1) through Forty (40) as if fully set forth herein.

42. That the actions of Defendant NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, resulted in the intentional assault of Plaintiff JUSTIN MARTINEZ, causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

## SEVENTH STATE LAW CLAIM

43. The Plaintiffs incorporate by reference each of the allegations set forth in paragraphs One (1) through Forty Two (42) as if fully set forth herein.

44. That the actions of Defendant NEW YORK CITY POLICE OFFICER ROBERT MARTINEZ, resulted in the intentional assault of Plaintiffs JUSTIN MARTINEZ and JENNIE RIVERA,

resulting in physical injury to the Plaintiffs, causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

## EIGHTH STATE LAW CLAIM

45. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Forty Four (44) as if fully set forth herein.

46. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN, resulted in physical injury to Plaintiff JUSTIN MARTINEZ,, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JUSTIN MARTINEZ.

## NINTH STATE LAW CLAIM

47. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Forty Six (46) as if fully set forth herein.

48. That the actions of Defendants NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER TODD HANSEN and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE resulted in damage to the Plaintiff's property, causing the aforementioned and hereinafter mentioned harm to the Plaintiffs.

WHEREFORE, the Plaintiffs demand the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiffs.

2. Punitive Damages against Defendants, NEW YORK CITY POLICE OFFICER MICHAEL ARDOLINO, NEW YORK CITY POLICE SERGEANT ROBERT MARTINEZ, NEW YORK CITY POLICE OFFICER TODD HANSEN and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiffs are entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

_____

Dated: May 10, 2018  
New York, NY

VICTOR M. BROWN, ESQ.  
(VB-5289)  
Attorney for Plaintiffs  
11 Park Place, Suite 1100  
New York, NY 10007  
(212) 227-7373